7. JPMorgan's claims are barred by accord and satisfaction.

8. JPMorgan's claims are not ripe for determination.

9. Stewart Title Guaranty Company reserves its right to amend this Answer to include additional affirmative defenses and/or third party claims as discovery warrants.

                LAW OFFICE OF
                JEFFREY A GRABOWSKI, ESQ.
                Attorney for Stewart Title
                Guaranty Company


                 /s/ Jeffrey A. Grabowski
                BY: Jeffrey A. Grabowski, Esq.

Dated:  July 29, 2009

Wherefore, Third Party Defendant, Stewart Title Guaranty Company, demands judgment in its favor dismissing the Third Party Complaint, plus attorney fees, costs of suit and such other relief as the Court deems just and equitable.

## COUNT SEVEN

72. Stewart Title Guaranty Company repeats and incorporates herein all of its answers to Paragraphs 1 through 72 as if set forth herein at length.

73. Denied.

Wherefore, Third Party Defendant, Stewart Title Guaranty Company, demands judgment in its favor dismissing the Third Party Complaint, plus attorney fees, costs of suit and such other relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

1. JPMorgan's Third Party Complaint fails to state a claim upon which relief may be granted.

2. JP Morgan's claims fail due to lack of consideration.

3. JPMorgan's claims are barred, fail, and/or are limited by the applicable statute of limitations.

4. JPMorgan's claims are barred, fail, and/or are limited because its predecessor(s) in interest knew or should have known of the alleged title deficiencies alleged in the Third Party Complaint.

5. JPMorgan's is estopped to assert the claims of the Third Party Complaint.

6. JPMorgan has failed to mitigate its damages, if any.

## COUNT FIVE

64. Stewart Title Guaranty Company repeats and incorporates herein all of its answers to Paragraphs 1 through 64 as if set forth herein at length.

65. The allegations of Paragraph 65 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

66. The allegations of Paragraph 66 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

67. The allegations of Paragraph 67 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

Wherefore, Third Party Defendant, Stewart Title Guaranty Company, demands judgment in its favor dismissing the Third Party Complaint, plus attorney fees, costs of suit and such other relief as the Court deems just and equitable.

## COUNT SIX

68. Stewart Title Guaranty Company repeats and incorporates herein all of its answers to Paragraphs 1 through 68 as if set forth herein at length.

69. Denied.

70. Denied.

71. Denied.

59. The allegations of Paragraph 59 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

60. The allegations of Paragraph 60 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

Wherefore, Third Party Defendant, Stewart Title Guaranty Company, demands judgment in its favor dismissing the Third Party Complaint, plus attorney fees, costs of suit and such other relief as the Court deems just and equitable.

## **COUNT FOUR**

61. Stewart Title Guaranty Company repeats and incorporates herein all of its answers to Paragraphs 1 through 61 as if set forth herein at length.

62. The allegations of Paragraph 62 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

63. The allegations of Paragraph 63 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

Wherefore, Third Party Defendant, Stewart Title Guaranty Company, demands judgment in its favor dismissing the Third Party Complaint, plus attorney fees, costs of suit and such other relief as the Court deems just and equitable.

## COUNT TWO

53. Stewart Title Guaranty Company repeats and incorporates herein all of its answers to Paragraphs 1 through 52 as if set forth herein at length.

54. The allegations of Paragraph 54 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

55. The allegations of Paragraph 55 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

56. The allegations of Paragraph 56 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

57. The allegations of Paragraph 57 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

Wherefore, Third Party Defendant, Stewart Title Guaranty Company, demands judgment in its favor dismissing the Third Party Complaint, plus attorney fees, costs of suit and such other relief as the Court deems just and equitable.

## COUNT THREE

58. Stewart Title Guaranty Company repeats and incorporates herein all of its answers to Paragraphs 1 through 57 as if set forth herein at length.

47. The allegations of Paragraph 47 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

48. The allegations of Paragraph 48 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

49. The allegations of Paragraph 49 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

50. The allegations of Paragraph 50 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

51. The allegations of Paragraph 51 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

52. The allegations of Paragraph 52 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

Wherefore, Third Party Defendant, Stewart Title Guaranty Company, demands judgment in its favor dismissing the Third Party Complaint, plus attorney fees, costs of suit and such other relief as the Court deems just and equitable.

40. The answering Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Counterclaim/Third Party Complaint, and, therefore, denies same.

41. The allegations of Paragraph 41 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

42. The allegations of Paragraph 42 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

43. The allegations of Paragraph 43 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

44. The allegations of Paragraph 44 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

45. The allegations of Paragraph 45 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

46. The allegations of Paragraph 46 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

33. The allegations of Paragraph 33 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

34. The allegations of Paragraph 34 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

35. The allegations of Paragraph 35 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

36. The allegations of Paragraph 36 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

37. The allegations of Paragraph 37 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

38. The answering Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Counterclaim/Third Party Complaint, and, therefore, denies same.

## THIRD PARTY COMPLAINT

### COUNT ONE

39. Stewart Title Guaranty Company repeats and incorporates herein all of its answers to Paragraphs 1 through 38 as if set forth herein at length.

23. Denied.

24. The answering Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Counterclaim/Third Party Complaint, and, therefore, denies same.

25. The answering Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Counterclaim/Third Party Complaint, and, therefore, denies same.

## COUNTERCLAIM

26. Stewart Title Guaranty Company repeats and incorporates herein all of its answers to Paragraphs 1 through 25 as if set forth herein at length.

27. The records of the United States Bankruptcy Court for the District of New Jersey speak for themselves.

28. The records of the United States Bankruptcy Court for the District of New Jersey speak for themselves.

29. The records of the United States Bankruptcy Court for the District of New Jersey speak for themselves.

30. The records of the United States Bankruptcy Court for the District of New Jersey speak for themselves.

31. The records of the United States Bankruptcy Court for the District of New Jersey speak for themselves.

32. The records of the United States Bankruptcy Court for the District of New Jersey speak for themselves.

15. The records of the United States Bankruptcy Court for the District of New Jersey speak for themselves.

16. The answering Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Counterclaim/Third Party Complaint, and, therefore, denies same.

17. The answering Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Counterclaim/Third Party Complaint, and, therefore, denies same.

18. The answering Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Counterclaim/Third Party Complaint, and, therefore, denies same.

19. The answering Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Counterclaim/Third Party Complaint, and, therefore, denies same.

20. The answering Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Counterclaim/Third Party Complaint, and, therefore, denies same.

21. The answering Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Counterclaim/Third Party Complaint, and, therefore, denies same.

22. The answering Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Counterclaim/Third Party Complaint, and, therefore, denies same.

6. The allegations of Paragraph 6 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

7. The allegations of Paragraph 7 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

8. Admitted.

9. The allegations of Paragraph 9 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

10. The allegations of Paragraph 10 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

## **BACKGROUND**

11. The records of the United States Bankruptcy Court for the District of New Jersey speak for themselves.

12. The records of the United States Bankruptcy Court for the District of New Jersey speak for themselves.

13. The records of the United States Bankruptcy Court for the District of New Jersey speak for themselves.

14. The records of the United States Bankruptcy Court for the District of New Jersey speak for themselves.

| | |
|---|---|
| JOSEPH KOHEN, JEROME SHAPIRO, CHICAGO TITLE INSURANCE COMPANY, SUCCESSFUL TITLE AGENCY, LLC, STEWART TITLE GUARANTY COMPANY, JOHN DOES 1-20, and JOHN DOE, INC., 1-20. | : : : : : : : |
| Third Party Defendants. | : |

_____

      Defendant, Stewart Title Guaranty Company, for its answer to the Third Party Complaint of Third Party Plaintiff, J.P. Morgan Chase Bank, N.A., states:

## THE PARTIES

1. Admitted.

2. The allegations of Paragraph 2 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

3. The allegations of Paragraph 3 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

4. The allegations of Paragraph 4 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

5. The allegations of Paragraph 5 of the Counterclaim/Third Party Complaint are not directed to the answering Third Party Defendant, and, therefore, Third Party Plaintiff is left to its proofs.

Jeffrey A. Grabowski, Esq. (JG9451)
Plaza 1000 at Main Street
Suite 208
Voorhees, NJ  08043
Tel.(856) 809-0426
Fax (856)809-0425
Attorney for Third Party Defendant,
Stewart Title Guaranty Company

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| SOLOMON DWEK, et al., | : | CHAPTER 11 |
| | : | |
| Debtors. | : | CASE NO. 07-11757 (KCF) |
| | : | (Jointly Administered) |
| | : | |
| _____ | : | |
| | : | Adv. Pro. No. 09-01309 |
| CHARLES A. STANZIALE, JR., Chapter 11 Trustee for the Estate of Solomon Dwek, et al., | : | |
| | : | |
| | : | **ANSWER OF THIRD PARTY** |
| Plaintiff. | : | **DEFENDANT STEWART TITLE** |
| | : | **GUARANTY COMPANY** |
| v. | : | |
| | : | |
| J.P. MORGAN CHASE BANK, N.A., as successor to certain assets and liabilities of WASHINGTON MUTUAL BANK, F.A., and/or WASHINGTON MUTUAL BANK, F.S.B., and WASHINGTON MUTUAL BANK, F.A., now known as J.P. MORGAN CHASE BANK, N.A.; and WASHINGTON MUTUAL BANK, F.S.B., now known as J.P. MORGAN CHASE BANK, N.A., | : | |
| | : | |
| Defendant/Counterclaimant and Third Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES A. STANZIALE, JR., SOLOMON DWEK, PEARL DWEK, | : | |