Leonard S. Needle, Esq.
LN4201
Leonard S. Needle, P.A.
20 Cedar Avenue
P.O. Box 6470
Fair Haven, NJ 07704
Tel. (732) 741-0400
Fax. (732) 741-1959
E-Mail: Needlelsesq@aol.com
Attorney for Third Party Defendant, Jerome Shapiro

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br>SOLOMON DWEK<br>       Debtors. | Chapter 11<br><br>CASE NO. 07-11757(KCF) |
| CHARLES A. STANZIALE, JR., Chapter 11 Trustee for the Estate of Solomon Dwek, et als.<br><br>       Plaintiff<br>vs.<br><br>J.P. MORGAN CHASE BANK, N.A., as successor to certain assets and liabilities of WASHINGTON MUTUAL BANK, F.A., and/or WASHINGTON MUTUAL BANK, F.A., now known as J.P. MORGAN CHASE BANK, N.A.,; and WASHINGTON MUTUAL BANK, F.S.B., now known as J.P. MORGAN CHASE BANK, N.A.,<br><br>    Defendants/Counterclaimant<br>    and Third Party Plaintiff<br>vs.<br><br>CHARLES A. STANZIALE, JR., SOLOMON DWEK, PEARL DWEK, JOSEPH KOHEN, JEROME SHAPIRO, CHICAGO TITLE INSURANCE COMPANY, SUCCESSFUL TITLE AGENCY, LLC, STEWART TITLE GUARANTY COMPANY, JOHN DOES 1-20, and JOHN DOES, INC., 1-20.<br><br>      Third-Party Defendants | Adv. Pro. No. 09-01309<br><br><br><br><br><br>ANSWER AND AFFIRMATIVE DEFENSES OF JEROME SHPAIRO TO FIRST AMENDED THIRD PARTY COMPLAINT OF J.P. MORGAN CHASE BANK, N.A. AND CROSSCLAIM FOR INDEMNIFICATION AND CONTRIBUTION |

Third Party Defendant Jerome Shapiro, residing at 23 Ridge Road, West Long Branch, New Jersey 07765, by way of Answer to the Third Party Complaint of J.P. Morgan Chase Bank, N.A hereby states:

## **THE PARTIES**

1. Third party defendant admits the allegations contained in paragraph 1.

2. Third party defendant admits the allegations contained in paragraph 2.

3. Third party defendant admits the allegations contained in paragraph 3.

4. Third party defendant admits the allegations contained in paragraph 4.

5. Third party defendant admits the allegations contained in paragraph 5.

6. Third party defendant admits the allegations contained in paragraph 6.

7. Third party defendant admits the allegations contained in paragraph 7.

8. Third party defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 8 and leaves third party plaintiff to its proof.

9. Third party defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 9 and leaves third party plaintiff to its proof.

10. Third party defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 10 and leaves third party plaintiff to its proof.

## **BACKGROUND**

11. Third party defendant admits the allegations contained in paragraph 11.

12. Third party defendant admits the allegations contained in paragraph 12.

13. Third party defendant admits the allegations contained in paragraph 13.

14. Third party defendant admits the allegations contained in paragraph 14.

15. Third party defendant admits the allegations contained in paragraph 15.

16. Third party defendant admits the allegations contained in paragraph 16.

17. Third party defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 17 and leaves third party plaintiff to its proof.

18. Third party defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 18 and leaves third party plaintiff to its proof.

19. Third party defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 19 and leaves third party plaintiff to its proof.

20. Third party defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 20 and leaves third party plaintiff to its proof.

21. Third party defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 21 and leaves third party plaintiff to its proof.

22. Third party defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 22 and leaves third party plaintiff to its proof.

23. Third party defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 23 and leaves third party plaintiff to its proof.

24. Third party defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 24 and leaves third party plaintiff to its proof.

25. Third party defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in paragraph 25 and leaves third party plaintiff to its proof.

## COUNTERCLAIM

26 through 55. Inasmuch as the allegations of paragraphs 26 through 55 relate to J.P. Morgan Chase Bank's counterclaim against plaintiff, third party defendant does not respond to each allegation other than to expressly deny any allegations of wrongful conduct or conspiracy by Jerome Shapiro.

## THIRD PARTY COMPLAINT

### COUNT ONE
(Violation of the Federal RICO Statute, 18 U.S.C. § 1961, et seq.)

56. Third party defendant repeats its answers to the allegations contained 1 through 55 as if fully set forth herein at length.

57. This paragraph of the Third Party Complaint contains legal conclusions to which no response is required. To the extent that paragraph 57 contains factual allegations directed at third party defendant, Jerome Shapiro, said third party defendant specifically denies same and leaves third party plaintiff to his proofs.

58.  This paragraph of the Third Party Complaint contains legal conclusions to which no response is required. To the extent that paragraph 58 contains factual allegations directed at third party defendant, Jerome Shapiro, said third party defendant specifically denies same and leaves third party plaintiff to his proofs.

59.  This paragraph of the Third Party Complaint contains legal conclusions to which no response is required. To the extent that paragraph 59 contains factual allegations directed at third party defendant, Jerome Shapiro, said third party defendant specifically denies same and leaves third party plaintiff to his proofs.

60.  This paragraph of the Third Party Complaint contains legal conclusions to which no response is required. To the extent that paragraph 60 contains factual allegations directed at third party defendant, Jerome Shapiro, said third party defendant specifically denies same and leaves third party plaintiff to his proofs.

61.  This paragraph of the Third Party Complaint contains legal conclusions to which no response is required. To the extent that paragraph 61 contains factual allegations directed at third party defendant, Jerome Shapiro, said third party defendant specifically denies same and leaves third party plaintiff to his proofs.

62.  This paragraph of the Third Party Complaint contains legal conclusions to which no response is required. To the extent that paragraph 62 contains factual allegations directed at third party defendant, Jerome Shapiro, said third party defendant specifically denies same and leaves third party plaintiff to his proofs.

63.  This paragraph of the Third Party Complaint contains legal conclusions to which no response is required. To the extent that paragraph 63 contains factual allegations directed at

third party defendant, Jerome Shapiro, said third party defendant specifically denies same and leaves third party plaintiff to his proofs.

64. To the extent that paragraph 64, including subsections a through d, contain factual allegations directed to this third party defendant, third party defendant, Jerome Shapiro specifically denies same and leaves third party plaintiff to its proof.

65. To the extent that paragraph 65 contains factual allegations directed to this third party defendant, third party defendant, Jerome Shapiro specifically denies same and leaves third party plaintiff to its proof.

66. To the extent that paragraph 66 contains factual allegations directed to this third party defendant, third party defendant, Jerome Shapiro specifically denies same and leaves third party plaintiff to its proof.

67. To the extent that paragraph 67 contains factual allegations directed to this third party defendant, third party defendant, Jerome Shapiro specifically denies same and leaves third party plaintiff to its proof.

68. This paragraph of the Third Party Complaint contains legal conclusions to which no response is required. To the extent that paragraph 68 contains factual allegations directed at third party defendant, Jerome Shapiro, said third party defendant specifically denies same and leaves third party plaintiff to his proofs.

69. Third party defendant lack sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 69 and leaves third party plaintiff to its proof.

## COUNT TWO
**(Conspiracy to Violate the Federal RICO Statute, 18 U.S.C. § 1961, et seq.)**

70. Third party defendant hereby repeats its answers to the allegations contained in paragraphs 1 through 69 as fully set forth herein at length.

71. To the extent that paragraph 71 contains factual allegations directed to third party defendant, Jerome Shapiro, said third party defendant specifically denies same and leaves third party plaintiff to its proof.

72. To the extent that paragraph 72 contains factual allegations directed to third party defendant, Jerome Shapiro, said third party defendant specifically denies same and leaves third party plaintiff to its proof.

73. To the extent that paragraph 73 contains factual allegations directed to third party defendant, Jerome Shapiro, said third party defendant specifically denies same and leaves third party plaintiff to its proof.

74. To the extent that paragraph 74 contains factual allegations directed to third party defendant, Jerome Shapiro, said third party defendant specifically denies same and leaves third party plaintiff to its proof.

WHEREFORE, third party defendant, Jerome Shapiro demands that judgment be entered in his favor against third party plaintiff dismissing third party complaint and prays that the Court award cost of suit, attorneys fees and other such relief that the Court may deem just and equitable.

## COUNT THREE
### (Common Law Fraud)

75. Third party defendant hereby repeats its answers to the allegations contained in paragraphs 1 through 74 as fully set forth herein at length.

76. To the extent that paragraph 76 contains factual allegations directed to third party defendant, Jerome Shapiro, said third party defendant specifically denies same and leaves third party plaintiff to its proof.

77. To the extent that paragraph 77 contains factual allegations directed to third party defendant, Jerome Shapiro, said third party defendant specifically denies same and leaves third party plaintiff to its proof.

WHEREFORE, third party defendant, Jerome Shapiro demands that judgment be entered in his favor against third party plaintiff dismissing third party complaint and prays that the Court award cost of suit, attorneys fees and other such relief that the Court may deem just and equitable.

## COUNT FOUR
### (Unjust Enrichment)

78. Third party defendant hereby repeats its answers to the allegations contained in paragraphs 1 through 77 as fully set forth herein at length.

79. To the extent that paragraph 79 contains factual allegations directed to third party defendant, Jerome Shapiro, said third party defendant specifically denies same and leaves third party plaintiff to its proof.

80. To the extent that paragraph 80 contains factual allegations directed to third party defendant, Jerome Shapiro, said third party defendant specifically denies same and leaves third party plaintiff to its proof.

WHEREFORE, third party defendant, Jerome Shapiro demands that judgment be entered in his favor against third party plaintiff dismissing third party complaint and prays that the Court award cost of suit, attorneys fees and other such relief that the Court may deem just and equitable.

### COUNT FIVE

**(Declaration of Mortgagee's Insurance Coverage-Chicago Title)**

81. Third party defendant hereby repeats its answers to the allegations contained in paragraphs 1 through 80 as fully set forth herein at length.

82. Third party defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 82 and leaves third party plaintiff to its proof.

83. Third party defendant neither admits nor denies the allegations contained in paragraph 83 as same are against another party.

84. Third party defendant neither admits nor denies the allegations contained in paragraph 84 as same are against another party.

### COUNT SIX
**(Declaration of Mortgagee's Insurance Coverage-Stewart Title)**

85. Third party defendant hereby repeats its answers to the allegations contained in paragraphs 1 through 84 as fully set forth herein at length.

9

86. Third party defendant has insufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 86 and leaves third party plaintiff to its proof.

87. Third party defendant neither admits nor denies the allegations contained in paragraph 87 as same are against another party.

88. Third party defendant neither admits nor denies the allegations contained in paragraph 88 as same are against another party.

## COUNT SEVEN
### (Contribution and Indemnification)

89. Third party defendant hereby repeats its answers to the allegations contained in paragraphs 1 through 88 as fully set forth herein at length.

90. This paragraph of third party complaint contains legal conclusion to which no response is required. To the extent that paragraph 90 contains factual allegations directed at third party defendant, Jerome Shapiro, said third party defendant specifically denies same and leaves third party plaintiff to its proofs.

WHEREFORE, third party defendant, Jerome Shapiro demands that judgment be entered in his favor against third party plaintiff dismissing third party complaint and prays that the Court award cost of suit, attorneys fees and other such relief that the Court may deem just and equitable.

## FIRST AFFIRMATIVE DEFENSE

The third party complaint fails to state a cause of action against this third party defendant for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The allegations of fraud in the third party complaint against third party plaintiff lack the requisite specificity and particularity as required by Rule 7008(b) of the Federal Rules of Bankruptcy Procedure, and third party defendant reserves the right to file a motion to dismiss those allegations.

### THIRD AFFIRMATIVE DEFENSE

The allegations that third party defendant Jerome Shapiro committed intentional, fraudulent acts with the intent to benefit himself, and that he conspired with others to commit illegal acts have been made by third party plaintiff and/or counsel for third party plaintiff intentionally, with full knowledge of their falsehood, recklessly, without appropriate investigation, in bad faith and without any factual or legal basis. Defendant Jerome Shapiro reserves the right to seek appropriate sanctions and relief against plaintiff pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §105.

### FOURTH AFFIRMATIVE DEFENSE

The allegations that third party defendant Jerome Shapiro unjustly enriched himself at the third party plaintiff's expense have been made by third party plaintiff and/or counsel for third party plaintiff intentionally, with full knowledge of their falsehood, recklessly, without appropriate investigation, in bad faith and without any factual or legal basis. Defendant Jerome Shapiro reserves the right to seek appropriate sanctions against plaintiff pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure, 11 U.S.C. §105.

### FIFTH AFFIRMATIVE DEFENSE

Third party plaintiff's claims against this defendant are barred, in whole or in part, to the extent that the debtor Solomon Dwek engaged in illegal conduct in connection with the

transactions described herein, including, but not limited to participating in the falsification of mortgage applications, by arranging mortgage loans secured by property he did not own, by knowingly accepting loan proceeds from lenders based upon forged mortgage instruments, and by failure to make the required disposition of loan proceeds he received directly or indirectly through SEM Realty Associates, LLC.

## SIXTH AFFIRMATIVE DEFENSE

Third party plaintiff's claims against this defendant are barred, in whole or in part, to the extent that the Court denies plaintiff's claims that the mortgage liens at issue are avoidable.

## SEVENTH AFFIRMATIVE DEFENSE

Third party defendant's acts or omissions, if any, were not the proximate cause of any damages claimed by third party plaintiff in this lawsuit.

## CROSSCLAIM FOR INDEMNIFICATION

Third Party Defendant, Jerome Shapiro, by way of Crossclaim against co-third party defendants, Joseph Kohen and Pearl Dwek, state:

1. While denying that this defendant is in any way liable for the damages allegedly sustained by third party plaintiff, in the event that third party defendant is adjudged liable to third party plaintiff, such liability is vicarious, passive and secondary to the liability of the co-third party defendants by reason of their intentional, fraudulent, and/or negligent acts and or omissions.

WHEREFORE, third party defendant Jerome Shapiro demands judgment against co-defendants Joseph Kohen and Pearl Dwek for all sums that may be adjudged to be due and owing to third party plaintiff from this defendant.

## **CROSS- CLAIM FOR CONTRIBUTION**

Third party defendant Jerome Shapiro demands judgment against co-third party defendants Joseph Kohen and Pearl Dwek under the New Jersey Joint Tortfeasors' Contribution Act for any judgment that plaintiff may recover in this action.

Dated: August 26, 2009                              /s/ LEONARD S. NEEDLE, ESQ.
                                                   Leonard S. Needle, Esq.
                                                   LN 4201
                                                   Attorney for third party defendant
                                                   Jerome Shapiro