**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**COLLINS, VELLA & CASELLO, LLC**
**1451 Highway 34, Suite 303**
**Farmingdale, New Jersey 07727**
**(732) 751-1766**
**Attorneys for Defendant Pearl Dwek**

| | | |
|---|---|---|
| In re: | : | |
| SOLOMON DWEK, | : | CHAPTER 11 CASE NO. 07-11757 |
| Debtor, | : | |
| CHARLES A. STANZIALE, JR., CHAPTER 11 TRUSTEE | : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. 09-1309 |
| | : | JUDGE: Honorable Kathryn C. Ferguson |
| JP Morgan Chase Bank, N.A. as successor to certain assets and liabilities of Washington Mutual Bank, F.A. and or Washington Mutual Bank F.S.B. and Washington Mutual Bank, F.A. now known as J.P. Morgan Chase Bank, N.A.; and Washington Mutual Bank, F.S.B., now known as J.P. Morgan Chase Bank, N.A. | : : : : | |
| | : | |
| Defendants/Counterclaimant & Third Party Plaintiff, | : | |
| v. | : | ANSWER TO THIRD PARTY COMPLAINT AND COUNTERCLAIM AGAINST THIRD PARTY PLAINTIFF |
| Charles A. Stanziale, Jr., Solomon Dwek, Pearl Dwek, Joseph Kohen, Jerome Shapiro, Chicago Title Insurance Agency, LLC, Stewart Title Guaranty Company, John Does1-20 and John Doe, Inc. 1-20 | : : : | |
| Third Party Defendants | : | |

Defendant Pearl Dwek says by way of answer to the Third Party Complaint:

1. Defendant admits the allegations of Paragraph 1 of the Third Party Complaint.

2. Defendant lacks the knowledge to admit or deny the allegations of Paragraph 2 of the Third Party Complaint.

3. Defendant lacks the knowledge to admit or deny the allegations of Paragraph 3 of the Third Party Complaint.

4. Defendant admits that Solomon Dwek is an adult individual but denies the remaining allegations of Paragraph 4 of the Third Party Complaint.

5. Defendant admits that she is the wife of Solomon Dwek but denies the remaining allegations of Paragraph 5 of the Third Party Complaint.

6. Defendant lacks the knowledge to admit or deny the allegations of Paragraph 6 of the Third Party Complaint.

7. Defendant lacks the knowledge to admit or deny the allegations of Paragraph 7 of the Third Party Complaint.

8. Defendant lacks the knowledge to admit or deny the allegations of Paragraph 8 of the Third Party Complaint.

9. Defendant lacks the knowledge to admit or deny the allegations of Paragraph 9 of the Third Party Complaint.

10. Defendant lacks the knowledge to admit or deny the allegations of Paragraph 10 of the Third Party Complaint.

## **BACKGROUND**

11. Defendant admits the allegations of Paragraph 11 of the Third Party Complaint.

12. Defendant admits the allegations of Paragraph 12 of the Third Party Complaint.

13. Defendant admits the allegations of Paragraph 13 of the Third Party Complaint.

14. Defendant admits the allegations of Paragraph 14 of the Third Party Complaint.

15. Defendant admits the allegations of Paragraph 15 of the Third Party Complaint.

16. Defendant denies the allegations of Paragraph 16 of the Third Party Complaint.

17. Defendant admits Washington Mutual recorded a mortgage that encumbers the real property located at 311 Crosby Ave, Deal, New Jersey but denies she executed the mortgage document. Defendant lacks the knowledge to admit or deny the remaining allegations of Paragraph 17 of the Third Party Complaint.

18. Defendant lacks the knowledge to admit or deny the allegations of Paragraph 18 of the Third Party Complaint and leaves the Third Party Plaintiff to its proofs.

19. Defendant denies the allegations of Paragraph 19 of the Third Party Complaint.

20. Defendant lacks the knowledge to admit or deny the allegations of Paragraph 20 of the Third Party Complaint but states that she never received the proceeds of any loans referred to in the Third Party Complaint.

21. Defendant lacks the knowledge to admit or deny the allegations of Paragraph 21 of the Third Party Complaint and leaves the Third Party Plaintiff to its proofs.

22. Defendant lacks the knowledge to admit or deny the allegations of Paragraph 22 of the Third Party Complaint and leaves the Third Party Plaintiff to its proofs.

23. Defendant lacks the knowledge to admit or deny the allegations of Paragraph 23 of the Third Party Complaint and leaves the Third Party Plaintiff to its proofs.

24. Defendant lacks the knowledge to admit or deny the allegations of Paragraph 24 of the Third Party Complaint and leaves the Third Party Plaintiff to its proofs.

25. Defendant lacks the knowledge to admit or deny the allegations of Paragraph 25 of the Third Party Complaint and leaves the Third Party Plaintiff to its proofs.

## COUNTERCLAIM

26. – 38.  Third Party Defendant Pearl Dwek provides no answers to the allegations set forth in Paragraphs 26 through 38 as the Counterclaim seeks relief against the Plaintiff Charles Stanziale, Jr. Chapter 11 Trustee and seeks no affirmative relief against the Defendant Pearl Dwek.

## THIRD PARTY COMPLAINT

39.  Third Party Defendant Pearl Dwek repeats and realleges her answers to Paragraphs 1 through 38 of the Third Party Complaint as if set forth at length herein.

40.  Defendant neither admits nor denies the allegations of Paragraph 40 of the Third Party Complaint as it calls for a legal conclusion and fails to contain factual allegations.

41.  Defendant neither admits nor denies the allegations of Paragraph 41 of the Third Party Complaint as it calls for a legal conclusion and fails to contain factual allegations.

42.  Defendant denies the allegations of Paragraph 42 of the Third Party Complaint.

43.  Defendant denies the allegations of Paragraph 43 of the Third Party Complaint.

44.  Defendant denies the allegations of Paragraph 44 of the Third Party Complaint.

45.  Defendant denies the allegations of Paragraph 45 of the Third Party Complaint.

46.  Defendant denies the allegations of Paragraph 46 of the Third Party Complaint.

47.  Defendant denies the allegations of Paragraph 47 of the Third Party Complaint.

48.  Defendant denies the allegations of Paragraph 48 of the Third Party Complaint.

49.  Defendant denies the allegations of Paragraph 49 of the Third Party Complaint.

50.  Defendant denies the allegations of Paragraph 50 of the Third Party Complaint.

51.  Defendant neither admits nor denies the allegations of Paragraph 51 of the Third Party Complaint as it calls for a legal conclusion and fails to contain factual allegations.

52. Defendant lacks the knowledge to admit or deny the allegations of Paragraph 52 of the Third Party Complaint and leaves the Third Party Plaintiff to its proofs.

WHEREFORE, Defendant seeks the entry of an order dismissing the Third Party Complaint and entering judgment on behalf of the Third Party Defendant Pearl Dwek on her counterclaim against the Third Party Plaintiff and awarding Pearl Dwek attorneys fees, costs of suit and such other relief as the Court may deem equitable and just.

## COUNT TWO

53. Defendant repeats and realleges her answers to the allegations set forth in Paragraphs 1 through 52 as if set forth at length herein.

54. Defendant denies the allegations of Paragraph 54 of the Third Party Complaint.

55. Defendant denies the allegations of Paragraph 55 of the Third Party Complaint.

56. Defendant denies the allegations of Paragraph 56 of the Third Party Complaint.

57. Defendant denies the allegations of Paragraph 57 of the Third Party Complaint.

WHEREFORE, Defendant seeks the entry of an order dismissing the Third Party Complaint and entering judgment on behalf of the Third Party Defendant Pearl Dwek on her counterclaim against the Third Party Plaintiff and awarding Pearl Dwek attorneys fees, costs of suit and such other relief as the Court may deem equitable and just.

## COUNT THREE

58. Defendant repeats and realleges her answers to the allegations set forth in Paragraphs 1 through 57 as if set forth at length herein.

59. Defendant denies the allegations of Paragraph 59 of the Third Party Complaint.

60. Defendant denies the allegations of Paragraph 60 of the Third Party Complaint.

WHEREFORE, Pearl Dwek, Third Party Defendant seeks the entry of an order dismissing the Third Party Complaint and entering judgment on behalf of the Third Party Defendant Pearl Dwek on her counterclaim against the Third Party Plaintiff and awarding Pearl Dwek attorneys fees, costs of suit and such other relief as the Court may deem equitable and just.

## COUNT FOUR

61. Defendant repeats and realleges her answers to the allegations set forth in Paragraphs 1 through 60 as if set forth at length herein.

62. Defendant denies the allegations of Paragraph 62 of the Third Party Complaint.

63. Defendant denies the allegations of Paragraph 63 of the Third Party Complaint.

WHEREFORE, Pearl Dwek, Third Party Defendant seeks the entry of an order dismissing the Third Party Complaint and entering judgment on behalf of the Third Party Defendant Pearl Dwek on her counterclaim against the Third Party Plaintiff and awarding Pearl Dwek attorneys fees, costs of suit and such other relief as the Court may deem equitable and just.

## COUNT FIVE

64.-67. Defendant neither admits nor denies the allegations of Count Five of the Third Party Complaint as this Count seeks no affirmative relief against the Defendant Pearl Dwek.

## COUNT SIX

68.-71. Defendant neither admits nor denies the allegations of Count Five of the Third Party Complaint as this Count seeks no affirmative relief against the Defendant Pearl Dwek.

## COUNT SEVEN

72. Defendant repeats and realleges her answers to the allegations set forth in Paragraphs 1 through 71 as if set forth at length herein.

73. Defendant denies the allegations of Paragraph 73 of the Third Party Complaint.

WHEREFORE, Pearl Dwek, Third Party Defendant seeks the entry of an order dismissing the Third Party Complaint and entering judgment on behalf of the Third Party Defendant Pearl Dwek on her counterclaim against the Third Party Plaintiff and awarding Pearl Dwek attorneys fees, costs of suit and such other relief as the Court may deem equitable and just.

**FIRST AFFIRMATIVE DEFENSE**

The Third Party Complaint fails to set forth a cause of action for which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The action is barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

The documents that form the basis of the loans made by the Third Party Plaintiff were forged.

**FOURTH AFFIRMATIVE DEFENSE**

The Third party Plaintiff lacks privity with the Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against the Defendants have been waived.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the application of the Doctrine of Estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Doctrine of Laches.

**COUNTERCLAIM**

Third Party Defendant, Pearl Dwek, says by way of counterclaim against Defendant/Third Party Plaintiff JP Morgan Chase Bank as follows:

**THE PARTIES**

1. Pearl Dwek is the record owner of 311 Crosby Avenue, Deal, New Jersey having acquired sole title to that property by deed dated March 27, 1998 which deed was recorded with the Clerk of Monmouth County in Deed Book 5708 at Page 247 on April 22, 1998.

2. JP Morgan Chase Bank is a National Bank with offices located at 1209 Orange Street, Wilmington, New Castle County, DE 19801.

**FACTUAL BACKGROUND**

3. In 2008, Pearl Dwek first learned that a mortgage in favor of Washington Mutual Bank had been wrongfully filed against her property located at 311 Crosby Avenue, Deal, New Jersey (the "Property").

4. Mrs. Dwek learned of this mortgage in the context of a foreclosure complaint filed by Sun National Bank in 2008 against the Property.

5. Washington Mutual Bank had recorded a mortgage against the Property on February 24, 2006 in Mortgage Book 8544 at page 5860 in the face amount of $1,500,000.

6. Pearl Dwek did not sign the Washington Mutual Note or Mortgage.

7. Pearl Dwek did not receive the proceeds of the Washington Mutual Mortgage but instead those proceeds were diverted to SEM Realty Associates.

8. SEM Realty Associates was an entity controlled by Solomon Dwek and the entity was included in the consolidated bankruptcy proceedings of Solomon Dwek in the United States Bankruptcy Court under docket number 07-11757.

9. In this adversary proceeding, Charles Stanziale, Chapter 11 Trustee had been negotiating with Washington Mutual to resolve its claims against the Bankrupt Estate.

10. Throughout the fall of 2009 and through the early Spring 2010, the Chapter 11 Trustee represented to counsel for the Third Party Defendant/Counterclaimant that the Washington Mutual Mortgage would be discharged as a part of the settlement of JP Morgan Chase Bank's claims in this adversary case.

11. In April 2010, JP Morgan Chase, as the successor to Washington Mutual, advised the Chapter 11 Trustee that the mortgage would not be released as a part of the settlement with the Chapter 11 Estate.

## FIRST COUNT
## (Declaratory Judgment)

12. Pearl Dwek repeats and restates each of the allegations set forth in the preceding paragraphs numbered one to eleven as if set forth at length herein.

13. As the rightful owner of the Property at issue and the individual that allegedly executed the Note and Mortgage in connection with the 2006 Loan, Pearl Dwek is an "interested parties" under N.J.S.A. 2A:16-53 (the Uniform Declaratory Judgment Act or "Act").

14. As the party claiming a mortgage lien against the Property in connection with the 2006 Loan, JP Morgan Chase also is an "interested party" for purposes of the Act.

15. There presently exists a controversy concerning the issue of whether JP Morgan Chase has a valid mortgage lien against the Property in connection with the 2006 Loan, which controversy is justiciable pursuant to the Act.

16. Pearl Dwek never executed the Note, Mortgage and any other related loan documents in favor of Washington Mutual in connection with the 2006 Loan.

17. Pearl Dwek, therefore, is entitled to a declaration that JP Mortgage Chase as assignee of Washington Mutual Bank does not have a valid mortgage lien against the Property.

WHEREFORE, Pearl Dwek, demands judgment against defendant, JP Morgan Chase Bank, as follows:

A. Declaration that JP Morgan Chase Bank does not maintain any interest and/or lien against the Property;

B. Declaration that the Note, Mortgage and any other related loan documents allegedly executed by Pearl in connection with the 2006 Loan are invalid, null and void and therefore discharged of record;

C. Declaration that Pearl Dwek is not liable to JP Morgan Chase Bank pursuant to the invalid Note, Mortgage and related loan documents in connection with the 2006 Loan;

D. Compensatory damages;

E. Consequential damages;

F. Attorneys' fees and costs of suit; and

G. For such other and further relief as the Court deems just and equitable.

## SECOND COUNT
### (Forgery)

18. Third Party Defendant/Counterclaimant repeats and realleges the allegations contained in paragraphs one through eighteen if set forth at length herein.

19. Upon information and belief, Joseph Kohen intentionally and fraudulently forged the signature of Pearl Dwek on the Note, Mortgage and other loan documents in favor of Washington Mutual Bank in connection with the 2006 Loan.

20. Pearl Dwek never authorized any third party to execute a Note or Mortgage on her behalf in favor of Washington Mutual Bank in connection with the 2006 Loan.

21. The proceeds of the Washington Mutual Loan were paid to SEM Realty Associates and Pearl Dwek never received the proceeds of the loan.

WHEREFORE, Pearl Dwek demands judgment against defendants, JP Morgan Chase Bank as successor to Washington Mutual Bank, as follows:

    A.    Compensatory damages;

    B.    Consequential damages;

    C.    Interest;

    E.    Attorneys' fees and costs of suits; and

    F.    For such other relief as the Court deems just and equitable.

    COLLINS, VELLA & CASELLO, LLC
    Attorneys for Third Party Defendant/Counterclaimant
    Pearl Dwek

Dated: July 30, 2010    By:   /s/ Joseph M. Casello
    Joseph M. Casello