| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>STEPHEN M. PACKMAN (SP1589)<br>REBECCA L. RAKOSKI (RR5685)<br>ARCHER & GREINER<br>A Professional Corporation<br>One Centennial Square<br>Haddonfield, NJ  08033-0968<br>Tel: (856) 795-2121<br>Fax: (856) 795-0574<br>*Attorneys for JPMorgan Chase Bank, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation, acting as receiver* | |
| In re:<br><br>SOLOMON DWEK, *et al.*<br><br>               Debtors. | Chapter 11<br><br>Case No. 07-11757 (KCF)<br>     (Jointly Administered) |
| CHARLES A. STANZIALE, JR., Chapter 11 Trustee for the Estate of Solomon Dwek, et al.,<br><br>     Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE BANK, N.A. as successor to certain assets and liabilities of WASHINGTON MUTUAL BANK, F.A., and/or WASHINGTON MUTUAL BANK F.S.B., and WASHINGTON MUTUAL BANK, F.A., now known as J.P. MORGAN CHASE BANK, N.A.; and WASHINGTON MUTUAL BANK, F.S.B., now known as J.P. MORGAN CHASE BANK, N.A.,<br><br>     Defendant/ Counterclaimant and<br>     Third Party Plaintiff,<br><br>v. | Adv. Pro. No. 09-01309 |

CHARLES A. STANZIALE, JR., SOLOMON DWEK, PEARL DWEK, JOSEPH KOHEN, JEROME SHAPIRO, CHICAGO TITLE INSURANCE COMPANY, SUCCESSFUL TITLE AGENCY, LLC., STEWART TITLE GUARANTY COMPANY, JOHN DOES 1-20, and JOHN DOE, INC., 1-20.

Third Party Defendants.

**DEFENDANT/COUNTERCLAIMANT & THIRD PARTY PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM OF THIRD PARTY DEFENDANT, PEARL DWEK**

Defendant/Counterclaimant and Third Party Plaintiff, JPMorgan Chase Bank, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation, acting as receiver ("JPMorgan") states by way of Answer to the Counterclaim (the "Counterclaim") of Pearl Dwek ("Defendant") as follows:

**THE PARTIES**

1.  JPMorgan is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Defendant to its proof thereof.

2.  Admitted.

**FACTUAL BACKGROUND**

3.  JPMorgan is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Defendant to her proof thereof.

4.  JPMorgan is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Defendant to her proof thereof.

5.  It is admitted that a loan was made by Washington Mutual and secured by the property known as 311 Crosby Avenue, Deal New Jersey. JPMorgan specifically denies the

2

remaining allegations as stated in this paragraph of the Defendant's Counterclaim and therefore leaves the Defendant to her proofs.

6. JPMorgan denies the allegations as stated in this paragraph of the Defendant's Counterclaim and therefore leaves the Defendant to her proofs.

7. JPMorgan denies the allegations as stated in this paragraph of the Defendant's Counterclaim and therefore leaves the Defendant to her proofs.

8. JPMorgan is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Defendant to her proof thereof.

9. Admitted.

10. JPMorgan is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Defendant to her proof thereof.

11. This allegation is denied as stated.

## FIRST COUNT
**(Declaratory Judgment)**

12. JPMorgan hereby repeats and incorporates by reference its responses to the prior allegations as if fully set forth at length herein.

13. This paragraph of Defendant's Counterclaim contains legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations directed at JPMorgan, JPMorgan specifically denies same and leaves Defendant to her proofs.

14. This paragraph of Defendant's Counterclaim contains legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations directed at JPMorgan, JPMorgan specifically denies same and leaves Defendant to her proofs.

15. This paragraph of Defendant's Counterclaim contains legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations directed at JPMorgan, JPMorgan specifically denies same and leaves Defendant to her proofs.

16. JPMorgan denies the allegations as stated in this paragraph of the Defendant's Counterclaim and therefore leaves the Defendant to her proofs.

17. This paragraph of Defendant's Counterclaim contains legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations directed at JPMorgan, JPMorgan specifically denies same and leaves Defendant to her proofs.

**WHEREFORE**, JPMorgan Chase Bank, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation, acting as receiver, demands dismissal of the Counterclaim, with prejudice, awarding attorneys' fees, and costs of suit, and any such further relief as the Court may deem just and equitable.

## SECOND COUNT
**(Forgery)**

18. JPMorgan hereby repeats and incorporates by reference its responses to the prior allegations as if fully set forth at length herein.

19. JPMorgan is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Defendant to her proof thereof.

20. JPMorgan is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Defendant to her proof thereof.

21. JPMorgan is without knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies same and leaves Defendant to her proof thereof.

**WHEREFORE**, JPMorgan Chase Bank, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation, acting as receiver,

demands dismissal of the Counterclaim, with prejudice, awarding attorneys' fees, and costs of suit, and any such further relief as the Court may deem just and equitable.

## AFFIRMATIVE DEFENSES

1. The Defendant fails to state a claim upon which relief may be granted against JPMorgan.

2. The Defendant's claims are barred, fail and/or are limited by the applicable statute of limitations and/or repose.

3. The Defendant's claims are barred, fail and/or are limited by JPMorgan's rights of equitable subrogation to lien holders paid.

4. The Defendant's claims are barred, fail and/or are limited by the doctrines of agency and/or actual, apparent and implied authority.

5. The Defendant's claims are barred, fail and/or are limited by the doctrines of laches, waiver, estoppel, unclean hands, and/or res judicata.

6. The Defendant's claims are barred by the doctrines of promissory estoppel, equitable estoppel, judicial estoppel, and/or collateral estoppel.

7. The Defendant's claims are barred by the doctrine of accord and satisfaction.

8. Washington Mutual and/or JPMorgan are good faith transferees as that term is defined in N.J.S.A. 25:2-20 and Section 550(b) of the Bankruptcy Code.

9. Defendant received fair consideration from Washington Mutual and/or JPMorgan for the transfers made to her.

10. JPMorgan is entitled to rely upon the terms of the respective loan document including with respect to recovery by Washington Mutual and JPMorgan of interest, fees, charges and expenses.

5

11. The Defendant's claims are barred, fail and/or are limited by the law of this case and the law of the case in prior proceedings.

12. The Trustee's claims are barred under the <u>Rooker-Feldman Doctrine.</u>

13. JPMorgan, as successor to the FDIC is entitled to protection from and may avoid some or all of the Trustee's claims under federal law and the D'Oench Duhme Doctrine.

14. The Defendant's claims are barred, fail and/or are limited, in whole or in part, by the doctrine of in pari delicto.

15. The Defendant lacks standing to bring these causes of action.

16. JPMorgan hereby reserves its right to amend this Answer to include additional Affirmative Defenses, Counterclaims, and/or Third Party Complaints as a matter of right and in accordance with Fed. R. Civ. Pro. 15(a) as made applicable to the Bankruptcy Court in Fed. R. Bankr. Pro. 7015.

>ARCHER & GREINER
>A Professional Corporation
>Attorneys for Defendant, JPMorgan Chase Bank, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation, acting as receiver
>
>By:    */s/ Stephen M. Packman*
>    STEPHEN M. PACKMAN
>    REBECCA L. RAKOSKI

Dated: August 17, 2010
5877436v1